Filed 9/23/14  P. v. Stark CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065746 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD251988) |
| LLOYD HENRY STARK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Law Office of Alissa L. Bjerkhoel and Alissa L. Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Lloyd Henry Stark of selling a controlled substance (Health & Saf. Code,[1] § 11379, subd. (a)) and possession of a controlled substance (§ 11377).

The court suspended the imposition of sentence and granted Stark probation on various terms and conditions.

Stark appeals challenging only one of the probation conditions. He contends, for the first time on appeal, that the condition which requires him to have no contact with his codefendant is unconstitutionally vague. We disagree and affirm.

### STATEMENT OF FACTS

Stark does not challenge the admissibility or the sufficiency of the evidence supporting his convictions, therefore a very brief summary of the offense is sufficient to provide context for the discussion which follows.

On October 30, 2013, Stark and his codefendant Jose Cabrera sold methamphetamine to an undercover police officer. After Stark was arrested police searched a bag he had been carrying and found 4.95 grams of methamphetamine and various items of drug paraphernalia.

### DISCUSSION

At the time of sentencing, defense counsel addressed several of the proposed terms and conditions of probation. Counsel and the court engaged in discussion of the conditions and ultimately resolved any issues concerning the conditions which were addressed. However, there was no discussion of the condition challenged in this appeal,

---

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

perhaps because the condition was entirely clear to counsel and the defendant. We recognize, however, that a challenge to a probation condition on the ground it is unconstitutionally vague can be raised for the first time on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 (*Sheena K.*).) Probation conditions must have sufficient precision so that persons of common intelligence can understand what is required by the condition. (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) The basic concept in evaluating a probation condition is whether the person has been given fair warning as to the activities that are prohibited or required. (*Ibid.*)

In *Sheena K., supra*, 40 Cal.4th at page 890, the court found the probation condition which prohibited associating with persons " 'disapproved of by probation' " required knowledge by the probationer of who such persons were. The minor there was entitled to know who to avoid. The challenged condition here is much different.

The challenged condition in this case required that Stark have "no contact with the codefendant(s)." In this case there was only one codefendant and that person was known to Stark. He contends however, that even though he knows the person with whom he should not have contact, he does not know what "contact" might mean. Appellate counsel posits that Stark could inadvertently run into the codefendant somewhere, as in being at the same church or in Balboa Park where they apparently live. Again, we are compelled to wonder if Stark or defense counsel were puzzled by what appears to be a fairly clear requirement, why the issue was not raised with the trial court, as was the case with other conditions. One might wonder if the lack of discussion simply reflected that Stark and counsel understood the condition.

3

In *In re A.S.* (2014) 227 Cal.App.4th 400, 408 to 409 (*A.S.*), the court dealt with a similar condition. The minor was ordered to "have no contact of any type" with certain individuals. On appeal counsel posited various chance encounters that might happen and thus argued the condition was unconstitutionally vague. The court rejected that argument.

The court in *A.S.* found the appellant's argument "unconvincing" because an objective person would construe the term contact as requiring awareness of the presence of the person. The court said "it belies common sense to conclude that A.S. could be in contact with [the prohibited persons] without even realizing it. Thus, inherent in each of the no-contact conditions is the requirement that A.S. be aware of the presence of [such persons] and the requirement that A.S. knowingly contact those individuals." (*A.S., supra*, 227 Cal.App.4th at p. 410.)

Stark responds to the court's decision in *A.S., supra,* 227 Cal.App.4th 400 by arguing it was wrongly decided and that we should not follow it. We disagree. We think the holding and the analysis in *A.S.* make good sense. There is nothing in the ordinary language of such condition that would mislead or confuse persons of common intelligence. If there had been any doubt on the part of Stark or defense counsel, the issue could have been raised with the court, as counsel did with other conditions and such doubt could have been addressed and clarified.

We are satisfied the challenged condition is not constitutionally vague and therefore affirm the judgment.

4

DISPOSITION

The judgment is affirmed.

                                                    _____
                                                                HUFFMAN, J.

WE CONCUR:


_____
        McCONNELL, P. J.


_____
        NARES, J.